# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE            )
                             )
      v.                     )     ID#:  2210008889
                             )
CHESTER MYERS                )
                             )
     Defendant.              )

Upon Commissioner's Report and Recommendation that Defendant's
Motion for Postconviction Should be Denied – **ADOPTED**

## ORDER

This 9th day of February 2026, having considered the Commissioner's Report and Recommendation, it appears to the Court that:

1.     On July 27, 2023, Defendant Chester A. Myers ("Mr. Myers" or "Defendant") filed his *pro se* Motion for Postconviction Relief (the "Motion").[1] The Court referred the pending Motion to a Superior Court Commissioner pursuant to 10 *Del. C.* § 512 and Superior Court Criminal Rule 62.[2] On August 3, 2023, Myers filed a Motion to Amend his initial filing and a Motion for Appointment of Counsel.[3] The Court appointed counsel for Myers on November 18, 2024.[4]

2.     On December 31, 2025, the Commissioner issued her report and recommendation (the "Report").[5] The Commissioner recommended that the Court

---

[1] D.I. 13.  Myers did not file a direct appeal from his conviction.
[2] D.I. 17.
[3] D.I. 15-16.
[4] D.I. 21.
[5] D.I. 32.

deny the Motion and grant Postconviction Counsel's Motion to Withdraw.[6] Pursuant to Superior Court Criminal Rule 62, a party objecting to any portion of a Commissioner's findings of fact and recommendations may serve and file written objections within 10 days of the report's filing.[7] Although more than 10 days have passed since the Commissioner issued her Report, Defendant has not filed any objections. Defendant, therefore, has waived any objections to the Report.[8]

3.      Although the Court adopts the Report, the Report does not contain the full colloquy with Defendant, which further informs the fact that Defendant's claims lack merit.[9]

4.      During the plea hearing, the State made the following representation to the Court:

> Before I go into the details of this plea, as the Court had mentioned, at final case review two weeks ago Mr. Myers was given leave by Judge Rennie to represent himself *pro se*, with [Trial Counsel] being appointed as stand-by counsel.

---

[6] *Id.* at 16.

[7] Super. Ct. Crim. R. 62(a)(5)(ii).

[8] *Maniscalco v. State*, 2017 WL 443725, at *2 (Del. Jan. 10, 2017) (citing Super. Ct. Crim. R. 62(a)(5)(iv), (b)).

[9] Defendant raised the following claims for relief: (1) Trial counsel provided constitutionally deficient representation by failing to release discovery materials to Defendant in a reasonable time frame, as Defendant did not receive such materials until three weeks prior to trial; (2) Trial Counsel was ineffective in failing to file a Motion to Suppress or Reduce Bail; (3) Trial Counsel coerced Defendant into accepting the State's plea offer by failing to properly communicate the effects of the plea; (4) the Court abused its discretion in refusing to continue Defendant's trial date after permitting him to proceed *pro se*; (5) the Court abused its discretion when it declined to appoint new counsel for Defendant, requiring him to either continue with representation from Trial Counsel or proceed *pro se*; and (6) a claim of "Police Misconduct" arising out of the search warrant. D.I. 13.

Between that time and today, I met with Mr. Myers twice downstairs in lockup. I had him transported; the only way that, as a deputy speaking to a *pro se* individual, I can do that. We successfully negotiated a plea to resolve all of the matters outstanding against Mr. Myers here in Delaware, as that was his wish to essentially try to get a new fresh start.[10]

5. After reviewing the details of the plea agreement with the Court, the

State further represented to the Court that

[The State] went through this with Mr. Myers in the company of [Trial Counsel] in case Mr. Myers had any questions. We did this last week down in lockup. Everything hopefully was totally explained to him. We signed the plea agreement, I myself on behalf of the State, Mr. Myers representing himself, the immediate sentencing form as well as the truth-in-sentencing/guilty plea form. I asked, [Trial Counsel] asked if Mr. Myers had any questions. He answered any questions that he did have. And I believe, after a colloquy with the defendant, you'll find him to be making a knowing, intelligent, and voluntary plea.[11]

6. The Court then engaged in an extensive colloquy with Defendant. The

following exchange occurred, in relevant part:

THE COURT: Have you freely and voluntarily decided to plead guilty to the charges listed in your written plea agreement?

MR. MYERS: Yes, I am.

THE COURT: Have you been promised anything that is not stated in your written plea agreement?

Mr. MYERS: No, I haven't.

---

[10] D.I. 30 at 12-13 (citing A029).
[11] *Id.* (citing A032).

THE COURT: Has your lawyer, the State, or anyone threatened or forced you to enter into this plea?

MR. MYERS: No, they haven't.

*     *     *

THE COURT: You understand that there's a minimum mandatory penalty of five years, correct?

MR. MYERS: Yes, ma'am.

THE COURT: And the next question that pertains to your case is: Has anyone promised you what your sentence will be today?

MR. MYERS: No.

*     *     *

THE COURT: Do you understand that a guilty plea to a felony will cause you to lose your right to vote, to be a juror, to hold public office, to own or possess a deadly weapon, and other civil rights?

MR. MYERS: Yes.

THE COURT: And, specifically, you understand that this is an offense which results in the loss of the right to own or possess a deadly weapon?

MR. MYERS: Yes.[12]

7. The Court then read the charge from the indictment of Possession of a Firearm by a Person Prohibited to Defendant, and confirmed Defendant knowingly, intelligently, and voluntarily pled guilty:

---

[12] *Id.* at 13-15(citing A032-41).

4

THE COURT: And do you wish to plead guilty to this charge?

MR. MYERS: Yes, ma'am.

THE COURT: And are you pleading guilty because you did, in fact, commit this offense?

MR. MYERS: Yes, I did.

THE COURT: Okay, I find that your plea is made knowingly, intelligently, and voluntarily, and I will accept it.[13]

8.      Given this extensive colloquy, where Defendant specifically acknowledged he was pleading guilty because he did, in fact, commit the crime of Possession of Firearm by a Person Prohibited, Defendant cannot credibly argue any claims for ineffective assistance of counsel or abuse of discretion by the Court.[14]

9.      Mr. Myers's claim regarding police misconduct similarly fails. Mr. Myers claims in his Motion that "the guns did not belong to him and he did not possess them."[15] The Court again points to Defendant's colloquy with

[13] *Id.* at 15 (citing A040-41).

[14] *See Cooper v. State*, 2008 WL 2410404, at *1 (Del. June 16, 2008) ("Because a voluntary guilty plea constitutes a waiver of any alleged errors or defects occurring prior to the entry of the plea, including a claim that counsel failed to file a motion to suppress. . ."); *Edwards v. State*, 2007 WL 4374237, at *1 (Del. Dec. 17, 2007) ("In the absence of clear and convincing evidence to the contrary, [defendant] is bound by the statements he made during his plea colloquy."). The Court further notes that it is not possible for Trial Counsel to coerce Defendant, as Trial Counsel was appointed to serve as standby counsel when Defendant decided to accept the State's plea offer. Thus, Defendant was serving as his own counsel when he knowingly, intelligently, and voluntarily accepted the plea.

[15] D.I. 13 at 4.

5

the Court where he admitted that he was pleading guilty because he did, in fact, commit the crime of Possession of a Firearm by a Person Prohibited.

13.    Accordingly, the Court hereby adopts the Commissioner's Report in its entirety and Defendant's Motion is **DENIED**.

**IT IS SO ORDERED.**

/s/ Meghan A. Adams

**Meghan A. Adams, Judge**

Original to Prothonotary
cc:    Timothy Maguire, Esquire, DAG
       Benjamin S. Gifford IV, Esq.
       Chester A. Myers